## G. THEURER *v.* L. SCHMIDT and M. WEISENBURGER.

A party to an authentic act will not be permitted to establish its simulation by parol, and to contradict not only the act itself, but the contemporaneous writing, and that without any allegation of fraud.

APPEAL from the Second District Court of New Orleans, *Lea*, J.

C. D. *Dufour*, for plaintiff and appellant. A. *Grailhe*, for defendant.

SPOFFORD, J. *Gaspard Theurer* married *Louisa Schmidt*, daughter of *Margaret Weisenburger*.

Pending the marriage, he conveyed, by notarial act, to Mrs. *Weisenburger*, his mother-in-law, a family of slaves, for the expressed consideration of eleven hundred dollars, which he acknowledged to have received in cash. His wife

intervened in the act relinquishing all her dotal, paraphernal and other rights upon the slaves. He brought this suit nearly two years afterwards, alleging that he had discovered his wife's infidelity, and had petitioned for a divorce, that the above-mentioned sale to Mrs. *Weisenburger* was, in truth and in fact, a donation intended for *Louisa Schmidt*, his wife, and that no consideration was ever paid therefor; wherefore, he prayed that the act of sale might be declared a donation, and as such, avoided and annulled, and the said *Louisa Schmidt* and *Margaret Weisenburger*, decreed to restore to him the slaves therein conveyed.

His wife excepted peremptorily to the suit, on the ground, that such an action could not be maintained against her by her husband, during their marriage or prior to a decree of separation from bed and board.

The District Judge sustained this exception, and dismissed the suit as to her. From that decree there has been no appeal, and we cannot, therefore, question its correctness.

But the plaintiff went on with the suit aginst Mrs. *Weisenburger* alone, who pleaded the general denial, and claimed the slaves sued for as owner, under the authentic act of sale before alluded to.

This act was offered in evidence, and also an instrument *sous seing privé*, signed by Mrs. *Weisenburger* alone, which the plaintiff styles a counter-letter. That paper, under the same date with the act of sale, recites that, whereas she had purchased the slaves from *Gaspard Theurer* for the sum of eleven hundred dollars paid in cash, she declared that the said sum of eleven hundred dollars had been furnished to her by her daughter *Louisa Theurer*, and that she had purchased the said slaves for the said *Louisa Theurer*, to whom she bound herself and her heirs to convey a clear title when called for.

The defendant took a bill of exceptions to the admission of this instrument.

The plaintiff then offered to show by parol evidence, that his intention, as well as that of Mrs. *Weisenburger*, in the act of sale and in the private act signed by the latter, was to effect a donation to Mrs. *Theurer*. This evidence was rejected, and the plaintiff took a bill of exceptions.

It is unnecessary to express an opinion upon the first bill of exceptions; for, giving its full effect to the private act, not as a counter-letter, (for it lacks an essential element of the counter-letter,) but as a contemporaneous writing signed by one of the parties to the authentic act of sale; still, it confers no right of action in favor of *Gaspard Theurer* against Mrs. *Weisenburger*. It must be borne in mind, that these are the only parties before us, and that they were not under any legal incapacity to enter into such a contract.

In this state of the case, we are clearly of opinion that the parol evidence offered by the plaintiff was inadmissible. The offer of such proof was an attempt by a party to an authentic act to establish its simulation by parol, and to contradict not only the act itself, but the contemporaneous writing, and that without any allegation of fraud.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed, with costs,